IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| JUAN MURILLO-RUVALCABA,<br>Institutional ID No. 17003-508, | § § § | |
| Plaintiff, | § § § | |
| v. | § § | Civil Action No. 1:22-CV-00027-BU |
| ROLLING PLAINS DETENTION<br>CENTER, | § § § § | |
| Defendant. | § § | |

**ORDER DENYING MOTION TO APPOINT COUNSEL AND
STAYING PROCEEDINGS <u>AND ADMINISTRATIVELY CLOSING CASE</u>**

Plaintiff JUAN MURILLO-RUVALCABA filed this lawsuit under 42 U.S.C. § 1983 claiming that the Defendants failed to protect him from other inmates, and as a result, he suffered serious injuries. Dkt. No. 1 at 4.

The Court granted Murillo-Ruvalcaba leave to proceed *in forma pauperis*, which subjects his Complaint to the Court's preliminary screening under 28 U.S.C. § 1915. Dkt. No. 10. And because Murillo-Ruvalcaba was an inmate at the time he filed this action against government officials, his Complaint is also subject to screening under 28 U.S.C. § 1915A. The case was transferred to the undersigned to conduct the preliminary screening required by those statutes. Dkt. No. 11. Murillo-Ruvalcaba then consented to the undersigned exercising the full jurisdiction of this Court. Dkt. No. 12.

1

A.  Motion to appoint counsel

First before the Court is Murillo-Ruvalcaba's request to "get a lawyer appointed to [his] civil case." Dkt. No. 15. Although 28 U.S.C. § 1915(e)(1) provides that a court may request an attorney to represent any person claiming an *in forma pauperis* status, the Court cannot compel an attorney to represent Murillo-Ruvalcaba. *Mallard v. U. S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 301–02 (1989); *see also* Dkt. No. 8, Instructions to a Prisoner *Pro Se* Plaintiff. "A civil rights complainant has no right to the automatic appointment of counsel," and appointment of counsel is warranted only in exceptional circumstances. *Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994). In deciding whether to appoint counsel in a Section 1983 case, the Court may base its decision on several factors, including:

> 1.  the type and complexity of the case;
>
> 2.  the petitioner's ability to adequately present and investigate his case;
>
> 3.  the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and in cross-examination; and
>
> 4.  the likelihood that appointment will benefit the petitioner, the court, and the defendants by "shortening the trial and assisting in just determination."

*Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir. 1992) (citing *Murphy v. Kellar*, 950 F.2d 290, 293, n.14 (5th Cir. 1992) (quoting *Cooper v. Sheriff, Lubbock Cnty., Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991))).

After considering the factors above, Murillo-Ruvalcaba's Motion to Appoint Counsel must be denied. The legal issues presented in this case are not overly complex. Murillo-Ruvalcaba has not shown an inability to adequately present and investigate his

2

case, nor has he shown that exceptional circumstances justify the appointment of counsel at this stage of the case. Murillo-Ruvalcaba is reminded that he may contact the Lawyer Referral Service of the State Bar of Texas for assistance in obtaining an attorney if he is able to pay the attorney's fee. Otherwise, Murillo-Ruvalcaba may contact a legal aid office for free or reduced fee legal assistance.

For these reasons, Murillo-Ruvalcaba's Motion to Appoint Counsel, (Dkt. No. 15), is DENIED without prejudice to his requesting appointment of counsel after the Court has completed the screening of his case, or should there be a material change of circumstances that affect the above four factors.

B. Murillo-Ruvalcaba's address

In Murillo-Ruvalcaba's request, he also provided the contact information for his wife, because he expected that he would be "deported to Mexico" and once there, he would be "sen[t] to [an]other jail." Dkt. No. 15 at 2. Murillo-Ruvalcaba also stated that he would "send [his] other address from [the] other jail." *Id.*

In the Instructions to a Prisoner *Pro Se* Plaintiff, Murillo-Ruvalcaba was admonished that he "must notify the Court if your address changes, or your case may be dismissed. Promptly file a written change of address notice in your case." Dkt. No. 8 at 1. And in the Order granting Murillo-Ruvalcaba leave to proceed *in forma pauperis*, he was again admonished that he must "promptly notify the Court of any change of address by filing a written notice of change of address with the Clerk. Failure to file such notice may result in this case being dismissed for want of prosecution." Dkt. No. 10 at 2. And in the Order to Complete Magistrate Judge's Questionnaire, the Court ordered Murillo-

Ruvalcaba "to immediately notify the Court of any change of his address by filing a document captioned "NOTICE OF CHANGE OF ADDRESS." Dkt. No. 13 at 2.

The Court is not required to delay the disposition of this case until such time as Murillo-Ruvalcaba complies with these instructions and orders. And the Court notes that the address Murillo-Ruvalcaba provides for his wife is the address of a restaurant in Union City, New Jersey. The Court declines to communicate with Murillo-Ruvalcaba through sending mail to a restaurant where his wife is presumably employed.

But federal courts have an inherent power to control their docket and a general discretionary power to stay proceedings. *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982). This power "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

The power to grant a stay is particularly broad where there is not a "fair possibility" that the stay "will work damage to someone else." *See SuperMedia Inc. v. Bell*, Civil Action No. 3:12–CV–2034–G, 2012 WL 5389683, at *1 (N.D. Tex. Nov. 2, 2012) (quoting *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir.1983)); *see also In re Ramu Corp.*, 903 F.2d 312, 318  (noting that a district court ordinarily has "wide discretion" to grant "[t]he stay of a pending matter"). Notwithstanding a district court's wide discretion in this area, a stay must not be "'immoderate or of an indefinite duration.'" *Ramu*, 903 F.2d at 318(quoting *McKnight*, 667 F.2d at 479).

Here, particularly during the preliminary screening stage, there is not a fair possibility that a stay will harm a third party. Moreover, the Court is confident that it can prevent a stay of an immoderate or indefinite length.

For these reasons, it is further ORDERED that this case is STAYED and ADMINISTRATIVELY CLOSED pending Murillo-Ruvalcaba notifying the Court of his current address. If Murillo-Ruvalcaba has not provided notice of his current address within six (6) months of this Order, the Court will *sua sponte* lift the stay and dismiss this case without prejudice under Rule 41(b) of the Federal Rules of Civil Procedure for want of prosecution and failure to follow this Court's previous orders. *See* Fed. R. Civ. P. 41(b) (an involuntary dismissal "operates as an adjudication on the merits, unless otherwise specified").

C.  Conclusion

Murillo-Ruvalcaba's Motion to Appoint Counsel, (Dkt. No. 15), is DENIED without prejudice, and this case is STAYED and ADMINISTRATIVELY CLOSED pending Murillo-Ruvalcaba notifying the Court of his current address.

ORDERED this 16th day of September, 2022.

_____
JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE