IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| JUAN MURILLO-RUVALCABA, | § | |
| Institutional ID No. 17003-508, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 1:22-CV-00027-BU |
| | § | |
| ROLLING PLAINS DETENTION | § | |
| CENTER, | § | |
| | § | |
| Defendant. | § | |

## <u>ORDER OF DISMISSAL</u>

Plaintiff JUAN MURILLO-RUVALCABA filed this lawsuit under 42 U.S.C. § 1983 on February 18, 2022, claiming that the Defendants failed to protect him from other inmates. Dkt. No. 1 at 4. The Court granted Murillo-Ruvalcaba leave to proceed *in forma pauperis*, which subjects his Complaint to the Court's preliminary screening under 28 U.S.C. § 1915. Dkt. No. 10. And because Murillo-Ruvalcaba was an inmate at the time he filed this action against government officials, his Complaint is also subject to screening under 28 U.S.C. § 1915A. The case was transferred to the undersigned to conduct the preliminary screening required by those statutes. Dkt. No. 11. Murillo-Ruvalcaba then consented to the undersigned exercising the full jurisdiction of this Court. Dkt. No. 12.

On June 3, 2022, Murillo-Ruvalcaba filed a Motion to Appoint Counsel and provided the Court with contact information for his wife because he expected he would be "deported to Mexico" and once there, he would be "sen[t] to [an] other jail." Dkt. No. 15 at 2. Murillo-Ruvalcaba also stated that he would provide the Court with a new address

after he was incarcerated at the other jail. *Id.* On September 16, 2022, the Court issued an Order requiring Murillo-Ruvalcaba to file an updated address with the Court because the Court declined to "communicate with Murillo-Ruvalcaba through sending mail to a restaurant where his wife is presumably employed." Dkt. No. 16 at 4. That Order was returned as undeliverable because the Reeves County Detention Center was unable to forward the Order to Murillo-Ruvalcaba. Dkt. No. 17. As of the date of this Order, Murillo-Ruvalcaba has not complied with this Court's instructions and Orders requiring him to keep the Court informed of his current address.

Federal Rule of Civil Procedure 41(b) allows a court to *sua sponte* dismiss an action "with or without notice to the parties," for failure to prosecute or for failure to comply with the federal rules or any court order. *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985). Such authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Id.* (citing *see generally Link v. Wabash R.R. Co.*, 370 U.S. 626, (1962)); *see also Rosin v. Thaler*, 450 F. App'x 383, 383–84 (5th Cir. 2011) (per curiam) ("A district court may *sua sponte* dismiss an action for failure to prosecute or failure to obey a court order") (citing FED. R. CIV. P. 41(B))); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988)). Dismissal under Rule 41(b) may be with or without prejudice, although a dismissal with prejudice for want of prosecution is an extreme sanction that should be used only when a litigant's acts or omissions are "the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action [with prejudice]." *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996).

Dismissal without prejudice under Rule 41(b) is appropriate here. While Murillo-Ruvalcaba's failure to file an updated address contravenes instructions provided in the Court's previous Orders, these failures appear to reflect an intent to abandon this lawsuit rather than purposeful delay or contumaciousness. But regardless, this case cannot proceed without Murillo-Ruvalcaba's compliance. The Court is not required to delay the disposition of this case until such time as Murillo-Ruvalcaba complies with the Court's previous Orders.

Therefore, Murillo-Ruvalcaba's Complaint and all claims alleged therein are DISMISSED without prejudice under Rule 41(b) of the Federal Rules of Civil Procedure for want of prosecution and failure to follow this Court's previous Orders. *See* FED. R. CIV. P. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified).

This is a consent case assigned to the undersigned United States magistrate judge under 28 U.S.C. § 636(c) with authority to enter judgment. Any appeal shall be to the Court of Appeals for the Fifth Circuit under 28 U.S.C. § 636(c)(3).

Dismissal of these claims does not release Murillo-Ruvalcaba from the obligation to pay any filing fee previously imposed. 28 U.S.C. § 1915(b)(1); *see also Williams v. Roberts*, 116 F.3d 1126, 1128 (5th Cir. 1997).

Judgment shall be entered accordingly.

ORDERED this 30th day of March, 2023.

_____
JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE